Modified.

27 C.C.P.A. (Patents)

In re GAGNIER.
Patent Appeal No. 4321.

Court of Customs and Patent Appeals.
June 24, 1940.

792

LENROOT, Associate Judge, dissenting.

George E. Gagnier, in pro. per. (James A. Hoffman, of Washington, D. C., of counsel), for appellant.

Howard S. Miller, of Washington, D. C., for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

BLAND, Associate Judge.

No claim having been allowed in the United States Patent Office, appellant has here appealed from the decision of the Board of Appeals affirming that of the Primary Examiner in denying patentability, over prior art cited, of claims Nos. 21 to 24, inclusive, and 26, of which claim 21 will serve to illustrate the nature of the subject matter of all the claims and it follows: "21. A trim panel for a vehicle body or the like comprising a flat stiff foundation shaped in outline to the outline of the surface for the covering of which it is provided, recesses cut in said foundation to provide a sharply defined design therein and a cover of finish material for said panel adhesively secured to said foundation and the walls of said recesses."

The reference relied upon is McGovern, No. 1,838,102, December 29, 1931.

▉ The application of appellant discloses a trim panel and the method of making the same (the claims are restricted to a trim panel) which panel is used in finishing or decorating the inside of automobile bodies such as are ordinarily composed of a stiff foundation, one side of which is covered with upholstery material. The applicant is particularly concerned with giving the panels an ornamented effect by having designs formed by depressions made therein rather than by projections or raised portions. The structure described in appellant's application comprises a panel made by taking a foundation material composed of a sheet of fibre board impregnated with water-proofing material or the like and in some manner cutting or forming sharply defined recesses or openings therein. Upon this foundation is placed a coat of suitable water-proofing cement. Upon the cement-coated foundation ·is pressed, with a suitable die, the upholstery material so that it will enter the cut or recessed portions and the corners or edges of the same will be sharply defined making a well-defined ornamented design.

Appellant states that "the essence of the appealed invention lies in the provision of a sharply defined design *by cutting the design in the foundation of the panel,* that is, in the portion of the panel that provides it with its self-supporting character." He urges that new and useful results flow from his alleged invention and that he obtains a more sharply defined design without resorting to the old method of producing such panels by applying risers of various kinds between the foundation and the upholstery or by using such pressure as to stamp recesses in the same which stamping greatly weakens the structure and that he has simplified and greatly cheapened the manufacturing of the panels, which, he asserts, is an important item at present in the manufacture of automobiles.

The claims were rejected by the examiner as being met completely by McGovern, and the decision of the examiner was affirmed by the board with the expression of an additional thought which will be quoted hereinafter.

The McGovern patent relates to inlay pads and the method and means of making the same, such as are used for holding jewelry, safety razors, etc. The inlay pads are made by adhesively placing a suitable material such as velvet over recesses made in a substance. McGovern in constructing his articles first takes a filler, of either soft or hard material (which compares closely to appellant's foundation) into which he makes his openings or recesses. The openings preferably extend entirely through the

filler. These openings are the recesses to be covered with cloth and which form the depressions for the reception of the articles to be held or displayed. McGovern shows in one form that a base member, which may be composed of cardboard or other suitable material, is covered with paper in a certain manner and placed beneath the filler to which we have heretofore referred. The cloth is then laid on the top of the filler, which has been coated with adhesive and is pressed down so as to cover the walls of the said opening and cause adherence to the base at the bottom of the openings in the filler.

The examiner in rejecting the claims stated:

"Claim 21 is drawn to a trim panel comprising a stiff foundation having recesses cut therein and a covering of finish material adhesively united to the foundation and within the recesses. The patent to McGovern discloses a member which may be hard and which has recesses (page 2, lines 17 to 23). Covering material is adhesively united to the recessed member and fills the recesses (page 2, lines 23 to 38). It is believed that no invention resides in using McGovern's material as a trim panel. Claim 21 is believed to be properly rejected on McGovern.

"Claim 22 is similar to claim 21 and is also deemed unpatentable over McGovern for the same reasons.

"Claims 23 and 24 are similar to claim 21 and include in addition a backing member applied to the recessed foundation. McGovern in Fig. 9 shows a backing member 21 for the recessed element 24. Claims 23 and 24 are believed to be properly rejected on McGovern.

"Claim 26 is drawn to a trim panel comprising a stiff foundation having an ornamenting design cut therein. The foundation member 24 of McGovern has a cut design therein which obviously could be ornamental in effect. The use of McGovern's materials as a trim panel is believed to be without invention. Claim 26 is deemed properly rejected on McGovern."

The board in affirming the decision of the examiner had the following to say:

"The essence of the invention is said to be the provision of a sharply defined design by cutting the design in the foundation of the panel. It is contended that the reference is from a non-analogous art but we are satisfied that McGovern shows a trim panel and in Fig. 9 shows a structure which anticipates claims 21 and 22 except for the limitation that the finish cover is attached to the walls of the recesses. McGovern shows the cover attached to one wall of the recess and we believe in the operation described by McGovern, the cover would be as a matter of course attached to some extent to the other walls of the recesses. In any event, the extent of the adhesion is only a matter of degree.

"Claims 23, 24 and 26 seem to be clearly met by McGovern as stated by the examiner."

It is the contention of appellant here that invention rests in what he has done over and above that disclosed in the McGovern patent since that patent does not disclose the structure of the claims on appeal; that the McGovern patent is non-analogous art, and that no one would ever think of taking the McGovern jewelry or razor trays and applying them to the inside walls of an automobile body. He has stressed the fact that in the McGovern patent there is a so-called base which corresponds to his foundation and that the same has not been cut or depressed in any manner, and that the cloth only comes in contact with it where the opening in the filler has been extended entirely through the same. Appellant's chief contention relates to the question of non-analogous art.

It seems clear to us that if the question of non-analogous art was eliminated, no one would contend for a moment that it amounted to invention to teach that depressions could be made for the purpose of receiving the cloth by merely making them in what appellant regards as the base rather than forming the depressions in the manner McGovern teaches. We see very little difference in the actual structure of appellant and that of the patentee. In appellant's application we find the following (reference numerals being omitted): "Preferably a backing sheet, which will be constructed of cloth, paper, cardboard or any other material, is cemented to the back of the foundation before it is placed in

a press * * * said backing sheet being applied to the stiff foundation by a suitable waterproof or like cement or adhesive. If desired, the backing sheet may be omitted, but if it is used, it will be understood that the fabric will be adhesively secured thereto * * *."

While the claims do not call for a structure which has a backing put onto a foundation, it seems to us that appellant's preferred construction is almost identical with that of McGovern. It certainly would not lend patentability to a claim to omit therefrom a portion of the structure which appellant's application states is preferred.

It has sometimes been held that to make a new use of an old article is inventive, that is to say, invention may rest in adapting an old article in either analogous or non-analogous art to a new use so as to obtain a new, useful and unobvious result. Also, under such circumstances, invention sometimes rests in so modifying old structures as to accommodate them to such uses with such results.

It would seem to us that if one skilled in the art decided to adapt the best method of covering recessed portions in an automobile trim panel, he would examine the prior art relating to covering various articles with cloth and adapt such portions of the teachings as he thought desirable, and in doing so he could, in the light of the McGovern patent, do what appellant has done without exercising the inventive faculty.

Appellant has stressed the fact, and the board has commented thereon, that claims 21 and 22 contain limitations which require that the finished material is pressed into the openings in such a way that the cloth is attached to the walls of the recesses. Appellant thinks that this element of the claims is not taught or suggested by McGovern. It was the view of the board, and it is our view, that if the McGovern operation is followed out, the cover would, as a matter of fact, be attached to some extent to the walls of the recesses and that the degree to which they would be attached is not a matter which may be relied upon to lend patentability to the claims.

We find no error in the decision of the Board of Appeals and the same is affirmed.

Affirmed.

LENROOT, Associate Judge, dissents.